

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

ANTWAN RAY GREEN,

    Plaintiff,

v.                                    Civil Action No. 3:14CV181

M.T. WITHROW,

    Defendant.

### MEMORANDUM OPINION

Antwan Ray Green, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] M.T. Withrow has moved to dismiss. Green has responded. For the reasons set for below, the Court the Motion to Dismiss (ECF No. 10) will be granted in part and denied in part.

## I.    STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

§ 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

3

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  SUMMARY OF ALLEGATIONS AND CLAIMS

In January and February of 2014, Green was incarcerated in the Fairfax County Adult Detention Center.  (Compl. 3-4.)[2]  On January 24, 2014, Green's dinner meal was "cold" and "uncooked." (Id. at 4.)  Sergeant M.T. Withrow overheard Green complaining to a deputy about the quality of the dinner Green had been served.  (Id.)  Withrow yelled "take the fucking tray" and "shut your mouth."  (Id.)  Green took the tray and notified Withrow that he intended to file a complaint against Withrow.  (Id.)  "In a very nasty and unprofessional manner," (id.), Withrow responded, "you won't win with me I'm the supervisor (Id.)

The next day, Withrow moved Green to another pod for the false charge of eating unauthorized food.  (Id.)  As Withrow was

---

[2] The Court employs the pagination assigned to the Complaint by the Court's CM/ECF docketing system.

removing Green, Withrow stated, "I told you yesterday you won[']t win with me 'boy.'" (Id. at 5.)

On January 29, 2014, a deputy offered Green food loaf for lunch. (Id.) Green informed the deputy that Dr. Okassa had placed him on a no tomatoes diet and he could not eat the food loaf because it contained crushed tomatoes.[3] (Id.) Green looked out of his cell and saw Withrow standing nearby. (Id.) Green yelled to Withrow and asked Withrow why Withrow was refusing Green food. (Id.) Withrow walked away. (Id.) The deputy, however, responded that Dr. Okassa had removed Green from the no tomatoes diet. (Id.) Green later discovered that Withrow and his co-workers had applied a good deal of pressure to Dr. Okassa in order to have her withdraw Green's no tomato diet.[4] (Id.)

---

[3] Green explains that he is allergic to tomatoes and the ingestion of tomatoes causes him to swell and break out in hives. (Pl.'s Reply 3, ECF No. 13).

[4] Withrow suggests that the Court should simply disregard as conclusory Green's allegation that Withrow pressured Dr. Okassa to remove the no tomato restriction on Green's diet. Withrow directs the Court to no persuasive authority for the proposition that such an allegation may be summarily disregarded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.") Moreover, the sudden, unexplained removal of Green from the no tomato diet during the course of Withrow's campaign of retaliation supports the inference that Withrow instigated the alteration in Green's diet.

Green could not eat on January 29, 2014, January 30, 2014, January 31, 2014, and, February 1, 2014, as he was only offered food loaf containing crushed tomatoes. (Id.; Pl.'s Reply 3.)

Liberally construed, Green contends that, in violation of the Eighth Amendment:[5]

Claim One      Withrow used offensive language when speaking to Green.

Claim Two      Withrow deprived Green of an adequate dinner tray on January 24, 2014.

Claim Three    Withrow failed to provide Green with any meals that he could eat from January 29, 2014 through February 1, 2014.

### III. ANALYSIS

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal

---

[5]     "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

6

offenders pay for their offenses against society.'" Strickler
v. Waters, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting
Hudson v. McMillian, 503 U.S. 1, 9 (1992)). "In order to
demonstrate such an extreme deprivation, a prisoner must allege
'a serious or significant physical or emotional injury resulting
from the challenged conditions.'" De'Lonta v. Angelone, 330
F.3d 630, 634 (4th Cir. 2003) (quoting Strickler, 989 F.2d at
1381).

    The subjective prong of a deliberate indifference claim
requires the plaintiff to allege facts that indicate a
particular defendant actually knew of and disregarded a
substantial risk of serious harm to his person. See Farmer v.
Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is
a very high standard—a showing of mere negligence will not meet
it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing
Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

> [A] prison official cannot be found liable under the
> Eighth Amendment for denying an inmate humane
> conditions of confinement unless the official knows of
> and disregards an excessive risk to inmate health or
> safety; the official must both be aware of facts from
> which the inference could be drawn that a substantial
> risk of serious harm exists, and he must also draw the
> inference.

Farmer, 511 U.S. at 837. Farmer teaches "that general knowledge
of facts creating a substantial risk of harm is not enough. The
prison official must also draw the inference between those

general facts and the specific risk of harm confronting the inmate." Quinones, 145 F.3d at 168 (citing Farmer, 511 U.S. at 837); see Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (quoting Rich, 129 F.3d at 340 n.2).

### A. Offensive Language

To the extent Green seeks to bring an Eighth Amendment claim based upon Withrow's use of offensive language, Green fails to allege facts that indicate such conduct exposed him to substantial risk of serious harm. Chase v. Coppedge, No. 3:12CV142, 2013 WL 1897114, at *2 (E.D. Va. May 3, 2013) (observing that verbal abuse, without more, states no claim for § 1983 relief (citing Wilson v. McKeller, 254 F. App'x 960, 961 (4th Cir. 2007))). Accordingly, Claim One will be dismissed.

### B. Inadequate Meals

"Allegations of inadequate food for human nutritional needs . . . [may be] sufficient to state a cognizable constitutional claim, so long as the deprivation is

serious . . . ." King v. Lewis, 358 F. App'x 459, 460 (4th Cir. 2009) (internal citation omitted) (citing Wilson, 501 U.S. at 294). In determining whether an Eighth Amendment violation has occurred, "[c]ourts consider the amount and duration of the deprivation of food." Lockamy v. Rodriguez, 402 F. App'x 950, 951 (5th Cir. 2010) (citation omitted) (finding deprivation of six meals in fifty-four hour period insufficient to state a claim absent an allegation of injury as a result of missing meals).

To the extent Green seeks to bring an Eighth Amendment claim based solely on Withrow's failure to provide him with an appropriate dinner tray on January 24, 2014, he fails to state an Eighth Amendment claim. White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (concluding that two meals a day on weekends, "simply does not rise to the level of 'serious or significant physical or mental injury'"). Accordingly, Claim Two will be dismissed.

Green's claim that Withrow effectively deprived him of any food for four straight days adequately states an Eighth Amendment claim. See Atkins v. City of Chicago, 631 F.3d 823, 830 (7th Cir. 2011) (citations omitted) ("Depriving a person of food for four days would impose a constitutionally significant hardship.") Accordingly, Withrow's Motion to Dismiss Claim Three will be denied.

Withrow also asserts that he is entitled to qualified immunity. That assertion omits any citation to controlling law. Contrary to Withrow's approach to briefing, "[a] defendant invoking qualified immunity must do more than mention its existence and demand dismissal of the suit." Fisher v. Neale, No. 3:10CV486-HEH, 2010 WL 3603495, at *3 (E.D. Va. Sept. 8, 2010). The defendant must (1) identify the specific right allegedly violated "at the proper level of particularity," Campbell v. Galloway, 483 F.3d 258, 271 (4th Cir. 2007); (2) brief, with full supporting authority, why the right was not so clearly established as to put a reasonable official on notice of any legal obligations; and (3) describe with particularity the factual basis supporting the assertion that a reasonable official in the defendant's situation would have believed his conduct was lawful. See Collinson v. Gott, 895 F.2d 994, 998 (4th Cir. 1990). As Withrow has utterly failed to satisfy this obligation with respect to Claim Three, his demand that Claim Three be dismiss based on the defense of qualified immunity of will be denied.

## IV. CONCLUSION

The Motion to Dismiss (ECF No. 10) will be granted in part and denied in part. Any party wishing to file a motion for

summary judgment must do so within ninety (90) days of the date of entry hereof.

The Clerk is directed to send a copy of the Memorandum Opinion to Green and counsel of record.

/s/ REV

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 15, 2015

11