IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTWAN RAY GREEN,

    Plaintiff,

v.                                      Civil Action No. 3:14CV181

M.T. WITHROW,

    Defendant.

## MEMORANDUM OPINION

Antwan Ray Green, a former Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action. By Memorandum Opinion and Order entered on June 16, 2015, the Court granted in part M.T. Withrow's Motion to Dismiss and dismissed two of Green's three claims. Green v. Withrow, No. 3:14CV181, 2015 WL 3767575, at *4 (E.D. Va. June 16, 2015). What remains is Green's third claim:

    Claim Three    Withrow failed to provide Green with any meals that he could eat from January 29, 2014 through February 1, 2014.

This claim is based on Green's allegation that he is allergic to tomatoes and during the above period Withrow only provided Green with food loaf which contained tomatoes. Green further alleged that Dr. Okassa had placed him on a no-tomatoes diet and that Dr. Okassa removed that diet restriction under pressure from Withrow.

Withrow has moved for summary judgment. Green has not responded. For the reasons set forth below, the Motion for Summary Judgment (ECF No. 17) will be granted.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Id. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

2

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. Anderson, 477 U.S. at 251 (citing Improvement Co. v. Munson, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" Id. (quoting Munson, 81 U.S. at 448).

Here, Withrow has supported his Motion for Summary Judgment with a copy of an incident report (Mem. Supp. Mot. Summ. J. Ex. 1 ("Incident Report," ECF No. 18-1)), an Alternative Meal Form (id. Ex. 2, ECF No. 18-2), Withrow's Affidavit (id. Ex. 3 ("Withrow Aff.," ECF No. 18-3), and, the affidavit of Dr. Lishan Kassa (id. Ex. 4 ("Kassa Aff.," ECF No. 18-4)). As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. Celotex Corp., 477 U.S. at 324. Green did not respond to the Motion for Summary Judgment or submit any admissible evidence for the Court to consider. Furthermore, "[i]n determining a motion for summary judgment, the Court may assume that facts identified by the

3

moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." E.D. Va. Loc. Civ. R. 56(B). In light of the above principles and submissions, the following facts are established for purposes of the Motion for Summary Judgment.

## II. SUMMARY OF PERTINENT FACTS

Prior to January 25, 2014, Green was placed on a no-tomatoes diet. (Incident Report 1.) On January 25, 2014, Withrow observed Green eating a dish containing tomatoes, which he had obtained by trading food with another inmate. (Id.)

On January 30, 2014, Dr. Kassa removed Green from the no-tomatoes diet. (Alternative Meal Form 1; Kassa Aff. ¶ 1.) Withrow did not pressure Dr. Kassa to remove Green from the no-tomatoes diet. (Withrow Aff. ¶ 1.) Dr. Kassa removed Green from the no-tomatoes diet based on her "medical judgment that the no-tomatoes diet was medically unnecessary for [Green]." (Kassa Aff. ¶ 2.) Jail staff approved Green to receive an alternative meal for the next four days. (Alternative Meal Form 1.)

## III. ANALYSIS

To survive a motion for summary judgment on an Eighth Amendment claim, a plaintiff must demonstrate that: (1) that

4

objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The subjective prong requires the plaintiff to demonstrate the defendant acted with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer, 511 U.S. at 837. Farmer teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." Johnson, 145 F.3d at 168 (citing Farmer, 511 U.S. at 837); Rich v. Bruce, 129 F.3d 336, 340 (4th Cir. 1997)). Thus, to survive a motion for summary judgment, the deliberate indifference standard requires a plaintiff to demonstrate that

5

"the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (quoting Rich, 129 F.3d at 340 n.2).

Green has failed to demonstrate that Withrow pressured Dr. Kassa to remove him from the no-tomatoes diet. Moreover, Green has failed to demonstrate that his removal from the no-tomatoes diet and the provision of the alternative meal for four days posed an excessive risk to his health. As Green has failed to demonstrate that he suffered any constitutionally significant harm or that Withrow acted with deliberate indifference, the Motion for Summary Judgment (ECF No. 17) will be granted. Claim Three and the action will be dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to Green and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 23, 2016

6